# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Mack Industries, Ltd.**, *et al.*, | Bankruptcy No. 17-09308 |
| Debtors. | Honorable Carol A. Doyle |
| **Ronald R. Peterson**, as chapter 7 trustee for Mack Industries Ltd., | |
| Plaintiff, | |
| v. | Adversary No. 19-148 |
| **Premier Electric Services Corp.**, | |
| Defendant. | |

## NOTICE OF MOTION

**To:** See attached list.

**Please take notice** that, on **January 20, 2022, at 11:00 a.m.**, I will appear before the Honorable Carol A. Doyle, or any judge sitting in that judge's place, and present the **Trustee's Motion for a Protective Order as to the Date of the Trustee's Deposition**, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is **161 155 8289** and the password is **Doyle742**. The meeting ID and password can also be found on the judge's page on the court's web site.

{00213055}

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

| | |
|---|---|
| Dated: December 28, 2021 | **Ariane Holtschlag**, as chapter 7 trustee for Mack Industries Ltd., *et al.* |
| | By: /s/ Jeffrey K. Paulsen |
| | One of Her Attorneys |

Jeffrey K. Paulsen (6300528)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:   (312) 878-0969
Fax:   (847) 574-8233
Email: jpaulsen@wfactorlaw.com

## CERTIFICATE OF SERVICE

I, Jeffrey K. Paulsen, an attorney, certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on December 28, 2021.

/s/ Jeffrey K. Paulsen

## SERVICE LIST

**Registrants (Service via CM/ECF)**

Brian J. Jackiw     brian.jackiw@tuckerellis.com, brittany.falkner@tuckerellis.com

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Mack Industries, Ltd.**, *et al.*, | Bankruptcy No. 17-09308 |
| Debtors. | Honorable Carol A. Doyle |
| **Ronald R. Peterson**, as chapter 7 trustee for Mack Industries Ltd., | |
| Plaintiff, | |
| v. | Adversary No. 19-148 |
| **Premier Electric Services Corp.**, | |
| Defendant. | |

**TRUSTEE'S MOTION FOR A PROTECTIVE ORDER AS
TO THE DATE OF THE TRUSTEE'S DEPOSITION**

When a defendant schedules a last-minute deposition of the plaintiff on short notice and without consulting with the plaintiff on her availability, and the defendant refuses to schedule the deposition for a mutually agreeable time, the Court should enter a protective order specifying the time and place of the deposition. Here, Premier Electric Services Corp. ("Premier") noticed the deposition of Ariane Holtschlag, as chapter 7 trustee (the "Trustee") for a date and time when she is not available. The Court should order that the deposition proceed at a date and time when the Trustee is available.

### 1. BACKGROUND.

The discovery cutoff in this matter (other than for some depositions of the McClelland family) is December 31, 2021. On the afternoon of December 22, 2021, Premier issued a notice of deposition seeking to take the deposition of the Trustee

{00213055}

less than a week later, on December 28, 2021, at 2:30 p.m. A copy of the notice is attached as Exhibit A.

The Trustee is already sitting for deposition on December 28, 2021, at 2:30 p.m. Premier knew this, stating in its notice that its deposition would take place "concurrently" with the other deposition.

Premier did not consult with the Trustee before issuing its notice. The Trustee never agreed to "concurrent" depositions. This deposition appears to involve questions specific to Premier's case, not common to all cases. Apart from the actual depositions, each case presents different factual and legal issues, so the Trustee must spend time preparing in each of the cases.

Further, while the other deposition had been in the works for weeks, Premier issued its notice of deposition on six days' notice, with a major holiday intervening. Premier had *never* before mentioned any desire to depose the Trustee, but all of a sudden was in a rush to do so before the December 31st discovery cutoff. The Trustee tried to accommodate Premier by making herself available on the afternoons of December 29 or 30, but Premier declined the accommodation. The Trustee and Premier had a telephone call on December 28 but were not able to resolve their differences.

## 2. DISCUSSION.

A party who wants to depose a person must provide "reasonable written notice" of the deposition to other parties. Fed. R. Civ. P. 30(b)(1). While reasonableness will depend on the circumstances of a particular case, 14 days is a guide. *Am. Council of the Blind of Metro. Chi. v. City of Chi.*, No. 19 C 6322, 2021 U.S. Dist. LEXIS 223845, at *6, 2021 WL 5441102 (N.D. Ill. Nov. 19, 2021). That is because depositions cannot be used against a party that does not receive at least 14 days' notice and who timely files a motion for a protective order. Fed. R. Civ. P. 32(a)(5)(A). Particularly when disputes have been apparent for months and a party

waits until the very end of discovery, short notice periods are insufficient. *E.g.*, *Am. Council*, 2021 U.S. Dist. LEXIS 223845, at *6 (six days insufficient); *Neiman v. Grange Mut. Ins. Co.*, 2012 U.S. Dist. LEXIS 160753, at *7 (C.D. Ill. Nov. 9, 2012) (seven business days insufficient); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327–28 (N.D. Ill. 2005) (10 business days insufficient).

The Trustee is already sitting for a deposition on the date that Premier unilaterally selected. Despite the short notice, the upcoming discovery cutoff, and the fact that Premier never before expressed any interest in deposing the Trustee, the Trustee agreed to appear on December 29 or 30 (although December 30 has since become unavailable). Premier refused that accommodation and insisted on proceeding on the afternoon of December 28, forcing the Trustee to file this motion.

**Wherefore**, the Trustee requests that this Court order the deposition to proceed on December 29, 2021, or another date convenient to the parties, and grant any further relief that is appropriate.

Dated: December 28, 2021

Respectfully submitted,

**Ariane Holtschlag**, as chapter 7 trustee for Mack Industries Ltd., *et al.*

By: /s/ Jeffrey K. Paulsen
One of Her Attorneys

Jeffrey K. Paulsen (6300528)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (312) 878-0969
Fax: (847) 574-8233
Email: jpaulsen@wfactorlaw.com